### MORGAN CAMP v. THE STATE.

No. 3304.   Decided February 21, 1906.

**Unlawfully Removing Fence—Statutes Construed.**

Under articles 796 and 797, Penal Code, it was no offense for a joint owner of a dividing fence to move his fence from one point to another so as to conform to his own wishes in regard to where his fence should run, provided he did not withdraw his fence and separate it from the adjoining fence so as to leave the premises of his neighbor uninclosed.

Appeal from the County Court of Jones.   Tried below before Hon. Jno. D. Thomas.

Appeal from a conviction of unlawfully separating a fence from that of another; penalty, a fine of $2.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information sought to charge appellant with violating articles 796 and 797, Penal Code. The alleged joint owner is named Newberry. His testimony is to the effect that he and appellant had a joint or division fence; that appellant tore down this fence and rebuilt. The new fence was about sixteen feet north of where the old fence stood. Newberry further states that the moving of this fence did not throw his enclosure outside, but sometime in March, 1905, a gate in the northeast corner of his enclosure, which defendant was accustomed to go through, was left open and then left down which permitted stock to go in his enclosure. "I did not prosecute defendant in this case until then. I made the complaint against him on the 17th of March, 1905. The fence alluded to was moved in May, 1904."

There is some discrepancy between the testimony for the State and that introduced by appellant, but they both agree upon the fact that the removal of the fence did not separate Newberry's fence from appellant's. That they were still connected after the rebuilding of the dividing fence between them. This evidence does not show a violation of the articles under which the prosecution was brought. That article was never intended to prevent the joint owner from moving his fence from one point to another so as to conform to his own wishes in regard to where his fence should run, provided he did not withdraw his fence and separate it from the adjoining fence. This statute was intended to prevent joint owners from separating their fences without proper notice, when by the separation or withdrawal of the fence injury would accrue to the party from whose fence it was withdrawn; that is, it would leave his premises unenclosed by reason of the separation or withdrawal of the fence.

Because the evidence does not show a violation of the law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*